UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAFAYETTE HOWARD,

    Plaintiff,

v.                             Case No.:  2:23-cv-62-SPC-KCD

CHILDREN'S NETWORK OF
SOUTHWEST FLORIDA, L.L.C.
and NADEREH SALIM,

    Defendants.

_____/

## OPINION AND ORDER[1]

Before the Court is Defendants Children's Network of Southwest Florida, LLC's and Nadereh Salim's Motion to Dismiss. (Doc. 9). Plaintiff Lafayette Howard did not timely respond. For the following reasons, the Court dismisses Count I of Howard's complaint (Doc. 5) with leave to amend.

## BACKGROUND

This is an employment dispute case. Howard alleges Defendants did not pay him[2] (1) overtime and (2) accrued vacation and PTO upon his termination in violation of the Fair Labor Standards Act ("FLSA") and in breach of the

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] Howard's gender is unclear—the Complaint refers to Howard using both male and female pronouns.

parties' oral contract.  (Doc. 5 at ¶¶ 7, 16).  Howard also claims Defendants violated Florida's Civil Rights Act ("FCRA") by discriminating and/or retaliating against him.  (Doc. 5 at ¶¶ 8-9, 12-13).

Defendants move to dismiss Howard's complaint.  (Doc. 9).  They argue Howard's complaint violates Fed. R. Civ. P. 8(a) and 12(b)(6) because the allegations are so bare, vague, and conclusory that Defendants cannot reasonably respond and Howard fails to state a claim.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice.  *Twombly*, 550 U.S. at 555.  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570.  A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party

is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

When considering dismissal, courts accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## DISCUSSION

The Court considers Howard's claims separately, beginning with the FLSA and breach of oral contract. Howard pled enough for these claims to survive. To establish a prima facie FLSA case, Howard must demonstrate (1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that he worked over forty hours per week with no overtime wages. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Howard provides facts for each element. Howard alleges he was an employee covered by the FLSA who worked for Defendants. (Doc. 5 at ¶¶ 4, 6). He says he worked over 40 hours a week multiple times and did not get overtime. (*Id.* at ¶ 16). He also claims Defendants failed to timely pay wages and did not pay him accrued vacation and PTO upon his termination. *Id.* That is enough. *See Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008*);*

3

*Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1373 (S.D. Fla. 2016) (finding a plaintiff need not specify the time period or approximate number of hours worked during a given period to state an FLSA claim).

But the Court finds Howard did not properly plead a FCRA claim.  First Howard's gender is not clear.  Howard says, "*his* employment was terminated based upon *her* sex and race and in retaliation for complaints of discrimination." (Doc. 5 at ¶ 9) (emphasis added).  Howard claims Defendants discriminated against him due to "*his* race and color (Black African American) and gender *(male)* and in retaliation for complaints of discrimination." (Doc. 5 at ¶ 12) (emphasis added).   He also alleges "Defendant unlawfully discriminated…[and] also retaliated against Plaintiff for *his* complaints of violations of the Florida Civil Rights Act through continued harassment, retaliation, and by terminating *her* employment." (Doc. 5 at ¶ 13) (emphasis added).

Second, Howard's complaint does nothing more than recite legal conclusions that Defendants violated the FCRA.   He must allege facts supporting these legal conclusions for this claim to survive.  *See Twombly*, 550 U.S. at 555.  So, the Court will dismiss this count and give Howard leave to amend.

One final note: both parties failed to comply with the Court's rules. Defendants' Motion to Dismiss (Doc. 9) did not include a Local Rule 3.01(g)

certificate. The Court cannot overstate the importance of Local Rule 3.01(g) in helping avoid needless litigation, fostering communication between the parties, and helping to resolve disputes without court intervention. Howard did not respond to the Motion and instead improperly filed an Amended Complaint, that was stricken. (Doc. 15; Doc. 18). Moving forward, the Court expects strict compliance with rules.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 9), is **GRANTED in part and DENIED in part**. It is **GRANTED** to the extent that Count I is **DISMISSED without prejudice**. Plaintiff may file an amended complaint in compliance with this Order on or before **March 22, 2023**. **Failure to file an amended complaint will result in the Court closing this case without further order/notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 8, 2023.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record

5