UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.  2:23-cv-62-SPC-KCD

LAFAYETTE HOWARD

    Plaintiff,

vs.

CHILDREN's NETWORK
OF SOUTHWEST FLORIDA, LLC
and NADEREH SALIM

    Defendant
_____/

## AMENDED COMPLAINT FOR DAMAGES

Lafayette Howard ("Howard") sues Defendants, Children's Network of Southwest Florida, LLC ("Children's) and Nadereh Salim ("Salim) and alleges as follows:

### Jurisdiction

1. This is an action for damages which exceeds Thirty Thousand ($30,000.00) Dollars, exclusive of attorney's fees and Court costs.

2. Venue is proper in Lee County, Florida as Defendants reside and do business in Lee County, Florida.

### The Parties/Participants

3. Plaintiff, is an individual residing in Lee County, Florida and is *sui juris*.

4. Defendant, Children's, is a company doing business in Lee County, Florida where Plaintiff was an employee since 1980.  At all material times hereto, Salim was an owner and officer of Childrens and had operational control over same.

## **General Allegations**

5.  This is an action seeking recovery of unpaid overtime and/or regular compensation owed to Plaintiff, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq*, as amended and for violations of the Florida Civil Rights Act.

6.  At all times material hereto, Defendants were doing business in the State of Florida and were regularly engaged in activities that involved interstate commerce. Moreover, at all times material hereto, each Defendants had annual gross sales or business in an amount not less than $500,000.00.  By reason of the foregoing, each Defendant was and is an "employer" within the meaning of Section 3(d) of the FLSA.

7.  On many occasions throughout his employment with Defendants, Plaintiff worked in excess of forty hours per week and was not paid overtime and/or was not paid regular time. Moreover at the time of this termination, Plaintiff was not paid accrued and earned PTO, vacation and/or sick time.

8.  Plaintiff dual-filed his Charge of Discrimination with the EEOC on or about November 2, 2021.

9.  On or about August 20, 2021, his employment was terminated based upon his sex and race, and in retaliation for complaints of discrimination.

10   Plaintiff has hired the undersigned law firm and has agreed to pay it a reasonable fee for its services.

11    All conditions precedent necessary to maintain this action have been performed, waived or excused

### Count I - Violation of Florida Civil Rights Act (Fla. Stat. § 760.10) (Race)(as to Childrens)

Plaintiff reavers and realleges paragraphs 1 through 11as if fully set forth herein and further alleges:

12. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1) (a) due to his race (Black African American).

13. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1)(a). Plaintiff is a member of a protected class, he had excellent work performance and was terminated based upon the fact that he was black and African American. Other non Black/African American employees were treated in a more favorable fashion.

14. As a direct and proximate result of the actions of Defendant, Plaintiff seeks compensatory damages, including, but not limited to mental anguish and loss of dignity. Moreover, in accordance with Fla. Stat. § 760.11, court costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Children's for compensatory damages, interest, court costs, attorneys' fees in accordance with Fla. Stat. § 760.11, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count II - Violation of Florida Civil Rights Act (Fla. Stat. § 760.10) (Sex)(as to Childrens)

Plaintiff reavers and realleges paragraphs 1 through 11 as if fully set forth herein and further alleges:

15. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1) (a) due to his sex or gender, male.

16. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1)(a).  Plaintiff is a member of a protected class, he had excellent work performance and was terminated based upon the fact that he was male.  Other non male employees were treated in a more favorable fashion.

17. As a direct and proximate result of the actions of Defendant, Plaintiff seeks compensatory damages, including, but not limited to mental anguish and loss of dignity. Moreover, in accordance with Fla. Stat. § 760.11, court costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Children's for compensatory damages,  interest, court costs, attorneys' fees in accordance with Fla. Stat. § 760.11, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count III - Violation of Florida Civil Rights Act (Fla. Stat. § 760.10) (Retaliation)(as to Childrens)

Plaintiff reavers and realleges paragraphs 1 through 11as if fully set forth herein and further alleges:

18. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1) (a) in retaliation for complaints of discrimination against him.

19. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1)(a). Plaintiff is a member of a protected class, he had excellent work performance and was terminated based the fact that he had complained about discriminatory actions of his supervisors.

20. As a direct and proximate result of the actions of Defendant, Plaintiff seeks compensatory damages, including, but not limited to mental anguish and loss of dignity. Moreover, in accordance with Fla. Stat. § 760.11, court costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Children's for compensatory damages, interest, court costs, attorneys' fees in accordance with Fla. Stat. § 760.11, and for any and all other and further relief this Court deems just and proper under the circumstances.

## Count IV-FLSA
## (Overtime and/or Regular Time Compensation)(as to All Defendants)

21. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 11 by reference.

22. In several workweeks during the relevant period, Plaintiff worked, in excess for forty(40) hours per week for Defendants. In these workweeks, Plaintiff was not paid overtime compensation as is required by Section 207 of the FLSA. It is also believed that Plaintiff worked regular time for which he was not paid. Defendants also violated the FLSA in their failure to timely pay wages. Finally, Plaintiff was not paid accrued vacation and PTO time upon termination.

23. As a direct and proximate result of Defendants' failure to pay overtime

compensation and wages, Plaintiff has been damaged in the loss of wages and have incurred and are incurring reasonable attorney's fees.

24.     Defendants' failure to pay overtime was deliberate, willful and without good faith or any legal justification.  Consequently, Plaintiff, is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation, and may seek recovery dating back three (3) years from the filing of this action.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for compensatory damages (unpaid overtime or regular time), liquidated damages (double damage) and attorneys' fees and court costs pursuant to the FLSA and for such other and further relief as this Court deems just and proper.

### Count V- Breach of Oral Contract (Childrens)

Plaintiffs reavers and realleges paragraphs 1 through 11 as if fully set forth herein and further alleges:

25.     Plaintiffs and Defendant entered into an oral agreement for Plaintiff to be paid certain compensation including overtime and regular time and accrued PTO and vacation.

26.     In consideration of the performance of his services, Childrens was to pay Plaintiff his compensation.

27.     Defendant breached the agreement with Plaintiff by failing to pay failing to pay agreed upon regular time and overtime.

28.     By virtue of Defendant's breach of the agreement, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Childrens for, damages together with interest, court costs, attorneys' fees in accordance with Fla. Stat. § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count VI - Unjust Enrichment (Services Performed)(as to Childrens)

Plaintiff reavers and realleges paragraphs 1 through 11 as if fully set forth herein and further alleges:

29. Plaintiff has conferred benefits and performed services for Defendant . Defendant has knowledge of the benefits and services provided to it.

30. Defendant voluntarily accepted and retained the benefits conferred upon it by Plaintiff without paying his wages, and or accrued vacation and PTO.

31. Defendant's retention of the benefits and services conferred upon it by Plaintiff would be inequitable unless Defendants pay to Plaintiff the value of the services conferred upon it.

32. Plaintiff does not otherwise have an adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Childrens for damages plus interest, court costs, attorneys' fees in accordance with Fla. Stat § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Demand for Jury Trial
Plaintiff demands trial by jury on all issues so triable.

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 21 day of March 2023: Todd S. Aidman, Esq., FordHarrison LLP, 401 E Jackson Street, Suite 2500, Tampa, FL 33602.

                       Behren Law Firm
                       1930 N. Commerce Parkway
                       Suite 4
                       Weston, Florida 33326
                       Telephone (954) 636-3802
                       Facsimile (772) 252-3365
                       scott@behrenlaw.com
                       www.behrenlaw.com

                       By:_/Scott M. Behren/_____
                            Scott M. Behren
                            Florida Bar No. 987786