# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

LAFAYETTE HOWARD,

    Plaintiff,

v.

CHILDREN'S NETWORK OF
SOUTHWEST FLORIDA, LLC
and NADEREH SALIM,

    Defendants.

CASE NO.: 2:23-CV-00062-SPC-KCD

**DEFENDANTS' RESPONSE TO THE COURT'S MAY 3, 2023 ENDORSED ORDER AND OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT**

Defendants, Children's Network of Southwest Florida, LLC and Nadereh Salim (together, "Defendants"), by and through their undersigned counsel, and pursuant to the Court's May 3, 2023 Endorsed Order [DE 38], hereby respond to Plaintiff's Motion for Extension of Time to Respond to Motion to Dismiss Amended Complaint [DE 35] as follows:

    1.    On April 3, 2023, Defendants filed their Motion to Dismiss Counts I, II, and III of Plaintiff's Amended Complaint. [DE 23.]

    2.    At 6:20 p.m. on April 24, 2023, the day Plaintiff's response to Defendants' Motion to Dismiss was due, Plaintiff's counsel emailed undersigned counsel, asking if she opposed an extension of seven (7) days for Plaintiff to respond to Defendants' Motion to Dismiss because Plaintiff's counsel "[j]ust got back into town this weekend from vacation last week."

3. As a professional courtesy, Defendants' counsel responded after business hours that Plaintiff's counsel could represent to the Court that Plaintiff's motion for extension of time was unopposed.

4. Plaintiff filed his motion for extension the same evening, and it was granted, affording Plaintiff an extended deadline of May 1, 2023 to respond to Defendants' Motion to Dismiss. [DE 31, 32.]

5. At 7:54 p.m. on May 1, 2023, the extended deadline, Plaintiff's counsel emailed Defendants' counsel, stating that he had "[b]een swamped" and needed 3 more days to respond to Defendants' Motion to Dismiss.

6. Three (3) minutes later, at 7:57 p.m., Plaintiff filed his motion for extension of time, representing to the Court that, "[i]n accordance with the Local Rules of this Court, the undersigned conferred with opposing counsel but has not yet heard back from them." [DE 35.]

7. In his motion for extension time, Plaintiff also stated that, "[b]ased upon the undersigned's recent return from vacation and still catching up from being out of the country the undersigned requires three more days to respond to the Motion to Dismiss Amended Complaint." [DE 35.]

8. Plaintiff did not explain how his counsel's presumably pre-planned, foreseeable vacation constituted "good cause" for an additional extension of time within the meaning of Fed. R. Civ. P. 6(b)(1). In fact, Plaintiff did not mention the Fed. R. Civ. P. 6(b)(1) "good cause" standard at all, nor did he include any memorandum of law required under Local Rule 3.01(a) in support of his motion.

9. Defendants oppose Plaintiff's request for a three-day extension of time to respond to Defendants' Motion to Dismiss because Defendants do not believe that, by emailing undersigned counsel well after the close of business on the date Plaintiff's response to the Motion to Dismiss was due and then filing his motion for extension three (3) minutes later, Plaintiff fulfilled his duty to confer in good faith prior to filing a motion pursuant to Local Rule 3.01(g).

10. Furthermore, assuming that Plaintiff's counsel went on a one-week vacation, Plaintiff had two weeks prior to his counsel's vacation[1] to respond to Defendants' straightforward Motion to Dismiss plus another one week agreed to by Defendants after his return to file a response to Defendants' Motion to Dismiss. Defendants oppose further delay by Plaintiff in responding to Defendants' Motion to Dismiss because a lack of planning or a foreseeable, pre-planned vacation do not constitute "good cause" within the meaning of Fed. R. Civ. P. 6(b)(1). *See, e.g.*, M*eurer v. Humana Emps. Health Plan of Georgia, Inc.*, No. 1:21-CV-01628-SDG, 2022 WL 327201, at *1 (N.D. Ga. Feb. 3, 2022) (denying a motion for extension of time to respond to a motion to dismiss where plaintiff's counsel went on a family vacation after defendants filed their motion to dismiss; "counsel's unnoticed vacation neither established good cause nor excusable neglect under Fed. R. Civ. P. 6(b)(1), and (b)"); *see also Ott v. Fed. Home Loan Mortg. Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013) (affirming

---

[1] "[A] party may respond to a motion to dismiss . . . within twenty one days after service of the motion." L.R. 3.01(c).

3

denial of a motion for extension of time to file a motion for reconsideration for lack of good cause where plaintiff filed her motion for extension on the deadline, asserting that "because of the unusual 4th of July holiday schedule" she would be unable to timely file her motion to reconsider; holding that simply asserting, without elaboration that the Fourth of July holiday caused an inability to file was not supported by any "good cause" argument); *Vidal v. Nielsen*, No. 16CV4756NGGJO, 2017 WL 9400687, at *2 (E.D.N.Y. Dec. 15, 2017) (citing Fed. R. Civ. P. 6(b)(1) and noting that the magistrate judge's conclusion that counsels' holiday plans were not "good cause" justifying an extension was not clearly erroneous).

WHEREFORE, Defendants Children's Network of Southwest Florida, LLC and Nadereh Salim respectfully request that this Court deny Plaintiff's Motion for Extension of Time to Respond to Motion to Dismiss Amended Complaint and treat Defendants' Motion to Dismiss Amended Complaint as unopposed.

**FORDHARRISON LLP**

By: /s/ *Viktoryia Johnson*
Todd S. Aidman
Florida Bar No. 0173029
taidman@fordharrison.com
Viktoryia Johnson, Esquire
Florida Bar No. 125545
vjohnson@fordharrison.com

401 E. Jackson Street
Suite 2500
Tampa, FL  33602
Telephone: (813) 261-7800

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send a notice of electronic filing to the attorney of record for Plaintiff:

Scott M. Behren, Esquire
**BEHREN LAW FIRM**
1930 N. Commerce Parkway, Suite 4
Weston, FL  33326
scott@behrenlaw.com

*/s/ Viktoryia Johnson*
Attorney

WSACTIVELLP:13988889.1