UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAFAYETTE HOWARD,

    Plaintiff,

v.                                                    Case No.:  2:23-cv-62-SPC-KCD

CHILDREN'S NETWORK OF
SOUTHWEST FLORIDA, L.L.C.
and NADEREH SALIM,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants Children's Network of Southwest Florida, LLC's and Nadereh Salim's Motion to Dismiss Counts I-III of Plaintiff Lafayette Howard's Amended Complaint. (Doc. 23). Howard opposes.[2] (Doc. 41). For the following reasons, the Court grants Defendants' Motion and dismisses Counts I-III of Howard's Amended Complaint (Doc. 22) with prejudice.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] Howard raises for the first time in his response that he does not believe Defendants engaged in a good faith conferral under M.D. Fla. R. 3.01(g) before filing their Motion to Dismiss. The Court agrees that the mere email exchange referenced in Howard's response does not comply with the spirit of the Rule and reminds Defendants that more communication is needed to meet the good-faith requirement for a compliant conferral. In the future, if a party believes the other has violated this Rule, they are instructed to notify the Court as soon as practicable.

## BACKGROUND

This is an employment dispute case. Howard alleges Defendants did not pay him (1) overtime, and (2) accrued vacation and PTO upon his termination in violation of the Fair Labor Standards Act ("FLSA") and in breach of the parties' oral contract. (Doc. 22 at 21-32). Howard also claims Defendants violated Florida's Civil Rights Act ("FCRA") by discriminating against him due to his age and race and retaliating against him for reporting this discrimination. (Doc. 22 at 12-20).

This is not Howard's first complaint. In response to a previous motion to dismiss (Doc. 17), the Court dismissed Howard's FCRA claims without prejudice (Doc. 19). Howard filed an Amended Complaint (Doc. 22), and Defendants again moved to dismiss, at issue here (Doc. 23). Defendants argue the amended complaint did not fix the issues and the allegations remain so bare, vague, and conclusory that Howard states no claim for relief and for which Defendants can reasonably respond.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Twombly,* 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly,* 550 U.S. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal,* 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 557 (internal quotation marks omitted)).

When considering dismissal, courts accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).

## DISCUSSION

Howard's FCRA claims are quintessential violations of *Iqbal/Twombly*. *Iqbal,* 556 U.S. at 678 (finding a complaint does not suffice if it "tenders naked assertions devoid of further factual enhancement") (cleaned up); *Twombly,* 550 U.S. at 555 (prohibiting complaints based only upon bare "labels and

3

conclusions, and a formulaic recitation of the elements of a cause of action"). Legal conclusions and naked assertions are all Howard has for his FCRA claims.

Take Howard's FCRA race discrimination claim. Howard states, "Plaintiff is a member of a protected class, he had excellent work performance and was terminated based upon the fact that he was black and African American. Other non Black/African American employees were treated in a more favorable fashion." (Doc. 22 at 13). These are legal conclusions—the literal elements of a *McDonnell Douglas* prima facie race discrimination case.[3] See *Edmond v. Univ. of Miami*, 441 F. App'x 721, 724 (11th Cir. 2011) ("When the plaintiff claims that he was terminated on account of his protected status, he must establish four elements: (1) that he is a member of the protected class; (2) that he was qualified for the position that he held; (3) that he was discharged from that position; and (4) that in terminating his employment, his employer treated him less favorably than a similarly situated individual

---

[3] The Court notes pleading facts establishing a *McDonnell Douglas* prima facie case is not required in employment discrimination complaints. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); *Gomez v. City of Doral*, No. 21-11093, 2022 WL 19201, at *2 (11th Cir. Jan. 3, 2022). But some factual support that discrimination occurred is still required. *Swierkiewicz*, 534 U.S. at 514 ("Petitioner alleged that he had been terminated on account of his national origin in violation of Title VII and on account of his age in violation of the ADEA…*His complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination*…These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest…[and] state claims upon which relief could be granted…." (emphasis added)).

4

outside of his protected class."). Howard does nothing other than recite these conclusions with no underlying factual support. And some facts are required. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018) ("Although an employment discrimination complaint need not allege facts sufficient to make out a prima facie case, it must nonetheless provide enough factual matter to plausibly suggest intentional discrimination."). So Howard's race discrimination FCRA claim is due to be dismissed.

Howard's other FCRA claims that Defendants discriminated against him due to his sex and in retaliation for complaints of discrimination are more of the same. Howard offers only legal conclusions and the elements of a prima facie case with no factual support. (Doc. 22 at 15-16, 18-19); *see Gamboa v. Am. Airlines*, 170 F. App'x 610, 612 (11th Cir. 2006); *Russell v. City of Tampa, Fla.*, 737 F. App'x 922, 924 (11th Cir. 2018).

The Court previously warned Howard of the same pleading deficiencies. (Doc. 19). The Court said Howard's original complaint did "nothing more than recite legal conclusions that Defendants violated the FCRA," and instructed him to allege facts supporting these legal conclusions for his FCRA claims to survive. (Doc. 19). Despite this warning, Howard did not add any required factual support to his amended complaint.

Howard raises that, since this case falls under the Court's FLSA Fast Track Scheduling Order, he is unable to obtain regular Fed. R. Civ. P. 26 discovery. The Court is unconvinced this excuses the pleading deficiencies. The *Twombly* standard applies to complaints, even though Fed. R. Civ. P. 26 discovery commences only *after* a complaint is filed. Further, Howard, as the party employed and then fired by Defendants and claiming discrimination and retaliation, has at least some personal knowledge of the factual support upon which his claims rest. His failure to plead any such factual support despite the Court's warning is, thus, without excuse. So the Court dismisses Howard's FCRA claims with prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss Counts I, II, and III of Plaintiff's Complaint with Prejudice (Doc. 23) is **GRANTED**. Counts I, II, and III of the Amended Complaint (Doc. 22) are **DISMISSED with prejudice**.

    a. Plaintiff must file a second amended complaint on or before **June 6, 2023**. Other than renumbering the counts, Plaintiff may not make any substantive changes to the second amended complaint without first requesting permission to do so.

    b. Defendants must answer the second amended complaint on or before **June 20, 2023**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 30, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record