UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAFAYETTE HOWARD,

    Plaintiff,

v.                                                         Case No.:  2:23-cv-62-SPC-KCD

CHILDREN'S NETWORK OF
SOUTHWEST FLORIDA, L.L.C.
and NADEREH SALIM,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Lafayette Howard's Motion to Compel Enforcement of Settlement. (Doc. 47.)[1] Defendants have responded (Doc. 48), making this matter ripe. For the reasons below, Howard's motion is denied.

## I. Background

A lengthy recitation of the details underlying this employment dispute is unnecessary. Here are the facts needed to address the current fight about the settlement agreement.

Howard brought this case under the Fair Labor Standards Act to recoup unpaid wages. After several pretrial motions, the Court ordered Howard to file an amended complaint that removed several claims. That never happened

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

because the parties went to mediation in the interim and reported a settlement. The Court thus administratively closed the case, giving the parties a month to file a stipulated judgment or the matter would be dismissed. (Doc. 44.)

Howard is back. But he doesn't have a stipulated judgment. Instead, he moves the Court to enforce the parties' settlement. (Doc. 47.) According to Howard, Defendants will only execute a settlement agreement "whereby [his counsel's] fees would be escrowed pending resolution of [an] alleged charging lien." (*Id.* ¶ 5.) Yet "[t]his was not a term that was agreed to at mediation, or subsequently between the parties." (*Id.*) And Howard "is not willing to agree to that term as [it is] not believe[d] that prior counsel has a valid charging lien." (*Id.*)

Defendants do not dispute they "agreed upon a monetary amount to resolve this matter" at mediation. (Doc. 48 at 1.) They also remain willing "to honor payment of that amount." (*Id.*) Yet Defendants want some resolution of the charging lien issue. They "respectfully ask that the Court either confirm Defendants' understanding of how settlement funds should be distributed or otherwise determine how Defendants should distribute the attorneys' fees allegedly owed [to] Plaintiff's former counsel in a way as to not impair the former counsel's purported charging lien." (*Id.*)

The Court was unaware of any charging lien when it administratively closed this case. But here is what it knows now. The day before mediation, Defendants received an email from a law firm claiming it represented Howard earlier in the case. The firm said it had filed a charging lien for $2,894 and would "continu[e] to assert [the] lien." (Doc. 48-1.)

## II. Discussion

As much as the Court would like to put this matter to bed, it can't simply compel Defendants to comply with the settlement. And the reason is simple, Howard has not shown that a valid agreement exists. *See, e.g.*, *Beharrie-Lue v. Felt Home Care, Inc.*, No. 09-61246-CV-COHN, 2010 WL 2985650, at *1 (S.D. Fla. July 28, 2010) ("The party seeking enforcement of a settlement agreement has the burden of establishing assent by the opposing party.").

No written document was executed between the parties at mediation. Given that, Howard must prove a binding oral agreement. This requires, among other things, evidence that the parties "agreed upon all material terms." *Junco v. Adventist Health Care Sys.*, No. 17-22634, 2019 WL 13257009, at *4 (S.D. Fla. July 26, 2019). Howard has not done this. All he says is that "[t]he parties reached a confidential settlement of this matter." (Doc. 47 ¶ 2.) It's not at all clear whether disposition of the charging lien was a material term whose absence undermines whatever agreement was reached. Simply put, more is required to conclude there is a settlement and order compliance. *See, e.g.*,

3

*Skrtich v. Thornton*, No. 3:99-CV-742-J-25HTS, 2003 WL 24845555, at *1 (M.D. Fla. Mar. 28, 2003).

But even if Plaintiff had presented something beyond a conclusory argument, there is another problem lurking. Whether the parties' reached a binding settlement is a matter of state law. Thus, "enforcement of [a] settlement agreement is [typically] for state courts." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994). There is no request for the Court to exercise its supplemental jurisdiction, and all things considered, the Court is hard-pressed to see why it should do so in "an entirely new breach of contract case, based upon state law." *Womack v. Dolgencorp., Inc.*, 957 F. Supp. 2d 1350, 1359 (N.D. Ala. 2013).

One last issue. As mentioned, Defendants ask the Court to "determine how [they] should distribute the attorneys' fees allegedly owed by Plaintiff to [his] former counsel in a way as to not impair the former counsel's purported charging lien." (Doc. 48 at 1-2.) But this essentially calls for an advisory opinion since the charging lien is not before the Court. "[F]ederal courts . . . do not render advisory opinions." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969).

Accordingly, it is now **ORDERED**:

1. Howard's Motion to Compel Enforcement of Settlement (Doc. 47) is **DENIED WITHOUT PREJUDICE**;

4

Case 2:23-cv-00062-SPC-KCD   Document 49   Filed 08/16/23   Page 5 of 5 PageID 205

2. By August 25, 2023, the parties must either: (1) submit a settlement agreement to the Court for approval under *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982), or (2) file a joint notice identifying what issues remain in dispute and how they should be resolved.

**ENTERED** in Fort Myers, Florida on August 15, 2023.

*/s/ Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record