UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:23-cv-62-SPC-KCD

LAFAYETTE HOWARD

    Plaintiff,

vs.

CHILDREN's NETWORK
OF SOUTHWEST FLORIDA, LLC
and NADEREH SALIM

    Defendant
_____/

## PLAINTIFF's REQUEST FOR *LYNN'S FOOD* HEARING AND DETERMINATION OF VALIDITY OF CHARGING LIEN

Plaintiff, by and through his undersigned counsel hereby moves this Court for a fairness hearing under *Lynn's Food* and for determination of validity of charging lien and states as follows:

1. In accordance with this Court's Order on Motion to Compel Settlement the parties in this case were able to reach a compromise as to the language of the settlement agreement and the agreement has been signed by counsel and the Plaintiff. *See*, attached Exhibit A.

2. The Plaintiff seeks to have a Lynn's Food fairness hearing to approve the fees of Plaintiff's counsel as well as to determine whether prior counsel, Maurice Arcadier ("Arcadier), is entitled to any award of attorneys' fees in this matter.

3. The undersigned does not believe that prior counsel Arcadier has a valid charging lien in this matter at all, given that no meaningful work was done in this matter by that law firm and that it never filed a Notice of Charging Lien in this matter even though it was aware of the pendency of this case.

4.  In order for a trial court to impose a charging lien an attorney must show (1) an express or implied contract between attorney and client (2) an express or implied understanding for payment of attorneys' fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees and (4) timely notice. *Daniel Mones, P.A. v. Smith*, 486 So.2d 559, 561 (Fla. 1986). Timely notice is the only requirement for perfecting a charging lien. *Id.* at 1385. In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action. *Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A. v. Chernak*, 991 So.2d 875, 878 (Fla. 4th DCA 2008). "It is not enough to support the imposition of a charging lien that an attorney has provided his services, the services must, in addition, produce a positive judgment or settlement for the client since the lien will only attach to the tangible fruits of the service." *Id.; See also, William Bradley Bell v. Ace Insurance Company of the Midwest*, Case No: 20-cv-309-FTM-66NPM (M.D. Fla. December 11, 2020).

5.  In this case there was no timely notice, no charging lien filed in this case and no positive outcome produced by the claimed work of Arcadier. Thus, Plaintiff seeks an Order approving the settlement reached between the parties and declaring the claimed charging lien of Arcadier as invalid.

6.  The undersigned has conferred with opposing counsel on this matter who does not appear to have a position on this Motion. They are amenable to the settlement reached between the parties, but have no position as to the claimed charging lien other than they are willing to have this Court determine its validity as to whether one exists.

WHEREFORE, Plaintiff seeks a Lynn' Foods hearing to determine the reasonableness of the attorneys fees of the undersigned counsel and Aracadier and whether Arcadier has a valid charging lien and for any other relief this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 24 day of August  2023: Todd S. Aidman, Esq., FordHarrison LLP, 401 E Jackson Street, Suite 2500, Tampa, FL 33602 and Maurice Arcadier, Esq.,  Arcadier, Biggie & Wood, PLLC, 2815 W New Haven Ave Ste 304, Melbourne, FL 32904-3655.

>Behren Law Firm
>1930 N. Commerce Parkway
>Suite 4
>Weston, Florida 33326
>Telephone (954) 636-3802
>Facsimile (772) 252-3365
>scott@behrenlaw.com
>www.behrenlaw.com
>
>By:_/Scott M. Behren/_____
>     Scott M. Behren
>     Florida Bar No. 987786

## CONFIDENTIAL SETTLEMENT AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AGREEMENT ("Agreement") is entered into by and between LAFAYETTE HOWARD ("HOWARD") and CHILDREN'S NETWORK OF SOUTHWEST FLORIDA, LLC and NADEREH SALIM (together, "DEFENDANTS"). HOWARD and DEFENDANTS are collectively referred to herein as "the Parties." The Parties agree as follows:

1. **Non-Admission.** DEFENDANTS deny that they or either one of them engaged in any wrongdoing and deny that HOWARD has any viable claim against them or either one of them, or against any of the Releasees (as defined in Paragraph 4 below). This Agreement does not constitute an admission by DEFENDANTS or any of the Releasees of any violation of any law or any liability to HOWARD or anyone else. The Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

2. **Dismissal of the Lawsuit and the Charge, and Resolution of All Possible Claims.** HOWARD filed a charge of discrimination with the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, styled *Lafayette Howard v. Children's Network of South Florida, LLC*, Charge No. 510-2022-00724 ("the Charge"); and filed a lawsuit with the U.S. District Court for the Middle District of Florida, styled *Lafayette Howard v. Children's Network of South Florida, LLC and Nadereh Salim*, Case No. 2:23-cv-62-SPC-KCD ("the Lawsuit"). The Parties desire fully and finally to resolve the Charge and the Lawsuit and any and all other claims or disputes, whether known or unknown and whether asserted or unasserted, that have been made or could have been made by or on behalf of HOWARD against either or both DEFENDANTS or any of the Releasees relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed by HOWARD. HOWARD represents that no other charges, actions, proceedings, arbitration matters, lawsuits, or claims are pending on HOWARD's behalf against or involving both or either DEFENDANT or the Releasees.

Within five (5) business days following receipt of the settlement checks as set forth in Paragraph 3 of the Agreement, HOWARD shall, (1) to the extent that the Charge is still pending with the EEOC and/or the FCHR, request the Charge withdrawal from the EEOC and/or the FCHR; and (2) dismiss the Lawsuit with prejudice by filing the joint stipulation of dismissal, with HOWARD and DEFENDANTS to bear his and their own attorneys' fees and costs except the mediation costs which will be paid by DEFENDANTS and except what is otherwise agreed to within this Agreement.

3. **Monetary Consideration.** In consideration for HOWARD executing this Agreement and his fulfillment of the terms of this Agreement, and subject to HOWARD's and HOWARD's attorneys Scott M. Behren, P.A. d/b/a Behren Law Firm's ("Behren Law Firm") promises and obligations with respect to attorneys' fees, which may be owed by HOWARD to HOWARD's former attorneys Arcadier, Biggie, and Wood, PLLC ("Arcadier") set forth in Paragraph 22, DEFENDANTS agree to a settlement in the gross amount of TWELVE THOUSAND DOLLARS AND ZERO CENTS ($12,000.00), broken down in 3 payments as follows:

Payment 1 Made out to HOWARD in the gross amount of $2,500.00 less applicable withholdings and deductions for alleged back wages. HOWARD will be issued an IRS Form W-2 for this amount.

Payment 2 Made out to HOWARD in the amount of $2,500.00 for alleged liquidated damages, with no withholdings. HOWARD will be issued an IRS Form 1099 for this amount.

Payment 3 Made out to the Behren Law Firm Trust Account in the amount of $7,000.00 for HOWARD's attorneys' fees and costs. Behren Law Firm and HOWARD will be issued an IRS Form 1099 for this amount. The Parties agree that the portion of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amounts HOWARD sought for unpaid wages. Behren Law Firm agrees to hold $2800.00 of Payment 3 (the amount of the claimed charging lien) in its trust account until HOWARD or Behren Law Firm and Arcadier provide evidence in writing to DEFENDANTS that they have reached agreement with respect to what if any amount is owed to Arcadier or until there is a Court determination or Florida Bar determination that there is no valid charging lien

The 3 payments will be mailed to Behren Law Firm within fifteen (15) calendar days following DEFENDANTS' receipt of all of the following: (1) a copy of this Agreement executed by HOWARD and Behren Law Firm; (2) IRS Forms W-9 and W-4 completed and executed by HOWARD; and (3) an IRS Form W-9 completed and executed by Behren Law Firm.

> **By accepting the above-referenced sums, HOWARD acknowledges and agrees that he has now been paid for all hours worked and all alleged overtime hours worked during his employment with DEFENDANTS and agrees that DEFENDANTS do not owe him any other monies with regard to compensation associated with hours worked or for any other reason. HOWARD further acknowledges and agrees that he has been paid all wages (including overtime compensation) due to him from DEFENDANTS for any reason. Finally, HOWARD specifically agrees that the above payment represents full compensation for the FLSA claims asserted in his lawsuit and any claim HOWARD may have had under the FLSA is now moot.**

Other than withholdings associated with Payment 1, HOWARD shall pay any and all taxes that may be due as a result of the settlement payment. HOWARD agrees and affirms that he is not relying on any representation made by DEFENDANTS concerning whether the payments are taxable as wages, as income, or otherwise, or concerning the amount of taxes that he may be required to pay as a result of the payments. HOWARD agrees that he will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payments. Additionally, HOWARD agrees to indemnify and hold DEFENDANTS harmless from and against any liability for any amounts determined by any taxing authority to be owed by DEFENDANTS on account of the payments, or on account of HOWARD's failure to pay taxes he may owe as a result of the payments. This indemnification shall also apply to any penalty, interest or other sums, including attorneys' fees and costs that DEFENDANTS shall incur or owe in connection with or as a result of any such taxes.

4.  **Waiver and Release of Claims**. HOWARD hereby remises, acquits, releases, satisfies and discharges on HOWARD's own behalf and on behalf of anyone who could claim by or through HOWARD, DEFENDANTS, their predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future entities, and their past, present and future shareholders, board members, officers, directors, agents, attorneys, employees, insurers, employee leasing companies and representatives in their

individual and official capacities, and their heirs, and legal representatives and predecessors and successors in interest and assigns (the "Releasees"), of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which HOWARD and his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees, ever had or now have or in the future may have, by reason of any matter, cause or thing whatsoever from the beginning of time to the date of the execution of this Agreement, including, but not limited to, any and all claims for salary, wages, compensation, monetary relief, employment, benefits, including but not limited to any claims for benefits under, or contribution to, any employee benefit, profit-sharing or retirement plan, bonuses, merit and longevity increases, commissions, relocation expenses, and all other benefits of all kind, earnings, back pay, front pay, compensatory damages, punitive damages, damage to character, damage to reputation, liquidated and other damages, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, pain and suffering, injunctive and declaratory relief, interest, attorneys' fees and costs (as set forth further in Paragraph 22), specifically including any and all claims growing out of, resulting from, or connected in any way to HOWARD's employment with DEFENDANTS and/or the separation thereof, including any and all claims for discrimination, including but not limited to discrimination on the basis of race, national origin, citizenship, color, religion, sexual orientation, marital status, handicap or disability, age, sex, harassment of any kind, including sexual harassment, retaliation, whistle blowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974 [29 U.S.C. Sections 1001-1461], as amended, torts of all kinds, including but not limited to misrepresentation, negligent or otherwise, fraud, defamation, slander, libel, duress, fraudulent inducement, workers' compensation retaliation, interference with an advantageous business relationship, negligent employment, including negligent hiring, negligent retention and negligent supervision, claims or rights under state and federal whistleblower legislation including Section 448.101-448.105, Fla. Stats., as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985 [Pub. L. 99-509], as amended ("COBRA"), the Sarbanes-Oxley Act of 2002 [Public Law 107-204, 116 Stat. 745] ("S-OA"), the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA"), the Florida Health Insurance Coverage Continuation Act, as amended ("FHICCA"), the Family and Medical Leave Act [29 U.S.C. Sections 2601-2654], as amended ("FMLA"), the Congressional Accountability Act of 1995 [2 U.S.C. Sections 1311-1317], as amended, the Americans with Disabilities Act [42 U.S.C. Sections 12101-12213], as amended ("ADA"), the Rehabilitation Act of 1973 [29 U.S.C. Section 791, et. seq.], as amended, the Age Discrimination in Employment Act [29 U.S.C. Section 623 et. seq.], as amended ("ADEA"), the Employee Polygraph Protection Act of 1988 [29 U.S.C. Sections 2001 et. seq.], as amended ("PPA"), the Internal Revenue Code [Title 26, U.S.C.], as amended ("IRC"), the Older Workers Benefit Protection Act [29 U.S.C. Sections 621-630], as amended ("OWBPA"), the Equal Pay Act [29 U.S.C. Section 206(d)], as amended ("EPA"), Title VII of the Civil Rights Act of 1964 [42 U.S.C. Sections 2000e-2000e-17], as amended ("CRA"), the Florida Civil Rights Act of 1992 [Sections 760.01-760.11, Fla. Stats.], as amended ("FCRA"), Section 440.205, Fla. Stats.; Title IX of the Education Amendments of 1972 [20 U.S.C. Sections 1681 et. seq.], as amended, the Federal False Claims Act [18 U.S.C. Sections 287, et seq.], as amended ("FFCA"), the Program Fraud Civil Remedies Act [38 C.F.R. 42.1, et seq.], as amended ("PFCRA"), the Fair Credit Reporting Act, as amended ("FCRA"), the Uniformed Services Employment and Reemployment Rights Act of 1994 [38 U.S.C. Sections 4301-4333], as amended ("USERRA"), the National

Labor Relations Act [29 U.S.C. ...], the Fair Labor Standards Act ("FLSA"), the Worker Adjustment and Retraining Notification Act [29 U.S.C. Sections 2101 et seq.], as amended ("WARN"), the Occupational Safety and Health Act [29 U.S.C. Sections 651-678], as amended ("OSHA"), and any other claim which can be lawfully released of any kind. In addition, HOWARD specifically waives any rights of action and administrative and judicial relief which he might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations with regard to conduct occurring up through the date HOWARD signs this Agreement.

HOWARD promises never to file, participate in or prosecute a lawsuit asserting any claims that are released by this Agreement. HOWARD further agrees not to voluntarily participate in any employment related lawsuit brought by any other employee or former employee against the Releasees. Nothing in this Agreement shall be construed to prohibit HOWARD from (1) filing a charge or complaint with the EEOC, NLRB, or any governmental agency, (2) participating in any investigation or proceeding conducted by the EEOC, NLRB, or any governmental agency, or (3) engaging in any activity protected by the NLRA. If HOWARD files a charge with the EEOC, NLRB, or any governmental agency, or if one is filed on HOWARD's behalf, he forever waives and relinquishes his rights to recover damages resulting from any such charge HOWARD may file or that may be filed by any person or agency on HOWARD's behalf. By signing this Agreement, HOWARD represents and warrants that HOWARD has not filed, nor has anyone filed on HOWARD's behalf, any charge of discrimination or any action in any court of law against any Releasees, and that, in any event, this Agreement is intended to resolve any and all such claims. Notwithstanding the broad, general nature of the waiver and release given by HOWARD in this Agreement, HOWARD is not waiving any claims under state workers' compensation laws (excepting claims for workers' compensation retaliation, which are waived and released by this Agreement) or for unemployment insurance benefits or for any other claims that cannot be legally waived by agreement.

5.      **Confidentiality and Non-Disclosure.** HOWARD agrees not to disclose the facts related to the Lawsuit, or the amount or terms of this Agreement to anyone, including, without limitation, any representative of any Internet site, Blog site, print, radio or television media, or to the public at large, the only exceptions to this Paragraph being disclosure as necessary to HOWARD's attorney, spouse, tax preparer and/or financial advisors, any taxation authorities of any government, or pursuant to court order or subpoena or as required by law or in an action for enforcement of this Agreement. HOWARD agrees to immediately notify in writing DEFENDANTS' attorney, Todd S. Aidman, upon receipt of such a court order or subpoena. Should HOWARD disclose information about the Charge or the Lawsuit or this Agreement to his attorney, spouse, tax preparer and/or financial advisors, he shall advise such persons that they must maintain the strict confidentiality of such information and must not disclose it unless otherwise required by law, and any violation of the confidentiality provision by said persons shall be treated as a material breach by HOWARD. HOWARD shall be responsible for any disclosure by such persons. If HOWARD is asked about any claims waived in this Agreement, HOWARD will respond by saying only, "The matter has been resolved."

6.      **Non-Disparagement.** HOWARD agrees that he will not make any negative or disparaging remarks, whether orally or in writing (including social media) about DEFENDANTS or any of the Releasees. The obligation of HOWARD under this paragraph includes, but is not limited to,

Page 4 of 9        HOWARD's Initials _____ Date _____

refraining from making any disparaging, degrading or demeaning remarks or casting any aspersions on DEFENDANTS or any of the Releasees which might have a harmful effect on its or their reputation. Nothing in this paragraph is meant to prohibit HOWARD from providing truthful testimony or documents via subpoena, court order, or any other legal process, or from responding truthfully to inquiries from a governmental agency.

7.  **Non-Incitement of Claims.** HOWARD agrees that he will not encourage or incite other current or former employees of DEFENDANTS or any of the Releasees to disparage or assert any complaint, claim or charge, or to initiate any arbitration matter or any other legal proceeding against the Releasees.

8.  **Agreement Not to Render Assistance.** HOWARD agrees not to provide any information, documents, records or assistance to any person, party or entity that has or may assert any claim against any of the Releasees. Nothing in this paragraph is meant to prohibit either party from providing truthful testimony or documents via subpoena, court order, or any other legal process or preventing HOWARD from participating in a governmental investigation.

9.  **No Right to Rehire.** HOWARD affirms that his employment with DEFENDANTS is formally terminated and that he does not seek and hereby waives employment, reinstatement or reemployment with DEFENDANTS or any of the Releasees, on any basis, at any time after his execution of this Agreement. HOWARD further agrees that DEFENDANTS and/or any of the Releasees will have the complete and unfettered right to reject his application for employment or if he is inadvertently hired, to terminate his employment. The Parties agree this provision shall not be deemed evidence of any retaliation by DEFENDANTS and is simply a material term of this Confidential Settlement Agreement.

10. **Transfer of Claims.** HOWARD represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. HOWARD agrees to indemnify and hold Releasees harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. HOWARD further warrants that there is nothing that would prohibit him from entering into this Agreement.

11. **HOWARD is Not a Prevailing Party.** HOWARD shall not be considered a prevailing party as a result of this Agreement or for any other purpose.

12. **Remedies for Breach.** Should HOWARD breach or act in noncompliance with or in default of this Agreement, DEFENDANTS shall be entitled to damages as determined by a court along with any other relief the court may choose to award along with all costs, including attorneys' fees incurred by DEFENDANTS in recovering such monies and in enforcing this Agreement, with DEFENDANTS maintaining all rights, remedies and/or causes of action otherwise available at law or in equity. DEFENDANTS would also be entitled to injunctive relief to enjoin the actions of HOWARD. It is understood that DEFENDANTS shall be entitled to recover, as a part of their costs, any attorneys' fees incurred by them in connection with any claim, or type of claim, released by this Agreement.

13. **Entire Agreement.** This Agreement contains the entire agreement and understanding between the Parties and supersedes all prior oral or written agreements between the Parties. No

amendment of this Agreement shall be effective, unless the amendment is in writing and is signed by the Parties.

14. <u>Severability.</u> The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into a full release of the claims waived in this Agreement that is not invalid.

15. <u>Medicare.</u> HOWARD warrants and represents that he is not enrolled in Medicare or a Medicare Advantage Plan or Medicaid, and is not a recipient of benefits from Medicare or a Medicare Advantage Plan or Medicaid. Notwithstanding the foregoing, HOWARD warrants and represents that it is solely his obligation to satisfy any and all liens and/or subrogation interests of any kind, including but not limited to any past and/or future liens, and including but not limited to any lien of or relating to legal services, healthcare services, held by Medicare, and/or Medicare Advantage and/or Medicaid against the amount paid to him under this Agreement. HOWARD shall fully indemnify, defend, exonerate, and hold harmless Releasees from and against any claim by any subrogated interest and/or lienholder arising from the settlement and/or from payment by or on behalf of Releasees, individually and/or collectively, including but not limited to the costs of any litigation and/or attorneys' fees. In reaching this settlement, the Parties acknowledge that they have attempted to resolve all matters between them in compliance with both state and federal law, and they believe that the settlement terms have adequately considered any actual and/or potential interest Medicare, Medicaid, Medicare Advantage Plan and/or any third party has or may have. In no event do the settlement terms reflect any attempt to shift responsibility for payment of medical expenses to Medicare, Medicaid or Medicare Advantage.

16. <u>Complete Defense.</u> This Agreement may be entered into evidence as a full and complete defense against any action, suit or proceeding that may be prosecuted, instituted or attempted by HOWARD in breach of this Agreement. This Agreement shall not, however, be admissible into evidence in any action, other than an action to enforce the terms of this Agreement or an action in which this Agreement is offered as a defense to any asserted claims.

17. <u>Enforceability and Binding Effect; Governing Law.</u> The Parties hereto acknowledge that this Agreement is enforceable in the courts of Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in a state or federal court located in Lee County, Florida. The interpretation and application of the terms of this Agreement shall be governed by and construed in accordance with the laws of the State of Florida, except where the application of federal law applies.

18. <u>Headings.</u> The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

19. <u>Execution of Agreement.</u> This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same instrument. Photocopies, .pdf and fax copies of signatures shall be deemed as binding as original signatures.

20. <u>JURY TRIAL WAIVER.</u> HOWARD hereby expressly waives any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the

Page 6 of 9    HOWARD's Initials ____ Date _____

enforcement of this Agreement or any other claim HOWARD may bring against any of the Releasees.

21. **Compliance with the Older Workers Benefits Protection Act.** HOWARD is over 40 years old, and because HOWARD is waiving in this Agreement claims for age discrimination, pursuant to the provisions of the Older Workers Benefit Protection Act, HOWARD is advised of and expressly acknowledges the following:

(a) HOWARD understands the language of this Agreement, and any questions HOWARD may have had during review of the Agreement were explained to HOWARD's satisfaction and understanding;

(b) HOWARD understands that the waiver and release contained in this Agreement specifically includes a waiver of all rights and claims HOWARD has or may have under the Age Discrimination in Employment Act, 29 U.S.C. § 626 et seq., and any other federal, state, or municipal law or regulation relating to age discrimination;

(c) HOWARD understands that HOWARD is not waiving any rights or claims that may arise after the date this Agreement is executed;

(d) The terms of the Agreement provide consideration to HOWARD which HOWARD would not otherwise be entitled;

(e) HOWARD has been advised and is again advised herein to consult with an attorney and/or other professional of HOWARD's own choosing and has consulted with or had the opportunity to consult with legal counsel and other persons of HOWARD's own choosing regarding this matter prior to the execution of this Agreement;

(f) HOWARD has a reasonable time period up to twenty-one (21) days from receipt of this document to seek the advice and counsel of any professional of HOWARD's choosing prior to accepting the terms of and signing this Agreement. HOWARD may accept and sign this Agreement before expiration of the twenty-one (21) day time period, but HOWARD is not required to do so by DEFENDANTS. The executed Agreement should be mailed to Todd S. Aidman, FordHarrison LLP, 401 East Jackson Street, Suite 2500, Tampa, Florida 33602 or emailed (taidman@fordharrison.com); and

g) After signing this Agreement, HOWARD may revoke HOWARD's acceptance within seven (7) days by providing written notice of revocation to Todd S. Aidman, FordHarrison LLP, 401 East Jackson Street, Suite 2500, Tampa, Florida 33602, or emailed (taidman@fordharrison.com). This Agreement will become effective on the eighth (8th) business day following its signature by HOWARD (the "Effective Date"), it being recognized that DEFENDANTS have no obligation to make any payment hereunder until this Agreement becomes effective in accordance with this provision notwithstanding any language contained herein to the contrary.

22. **Attorneys' Fees Owed to Arcadier.** HOWARD may owe attorneys' fees for professional services rendered to HOWARD by his former counsel, Arcadier. Arcadier has notified DEFENDANTS, DEFENDANTS' counsel FordHarrison LLP ("FordHarrison"), HOWARD, and Behren Law Firm of its intention to file a charging lien for the attorneys' fees owed but not

Page 7 of 9    HOWARD's Initials _____ Date _____

paid by HOWARD for Arcadier's professional services however the Parties are not aware of a charging lien that has been filed as of the date of this agreement with the court or counsel for the Plaintiff or Defendants in this matter. HOWARD and Behren Law Firm hereby agree that the entire sum of the attorneys' fees owed by HOWARD to Arcadier is HOWARD's and/or Behren Law Firm's financial obligation, and not the obligation of DEFENDANTS or FordHarrison.

HOWARD and Behren Law Firm hereby fully and irrevocably release and forever discharge DEFENDANTS and FordHarrison (including FordHarrison's attorneys and affiliated companies and their respective employees, owners, agents, attorneys, insurers, successors and assigns (collectively, "FordHarrison")), from any and all liability with respect to any actual or potential obligations, claims, causes of action, liabilities, or damages (whether realized or not), that Arcadier has or may have had against DEFENDANTS or FordHarrison for any claim or dispute with respect to the attorneys' fees owed by HOWARD to Arcadier for its professional services. HOWARD and Behren Law Firm further agree that they have not and will not file any complaint, lawsuit, appeal, petition, arbitral proceeding, or the like, in any forum (federal, state, local, or otherwise) against DEFENDANTS or FordHarrison for any obligations, claims, causes of action, liabilities, or damages with respect to the attorneys' fees owed by HOWARD to Arcadier for its professional services. HOWARD and Behren Law Firm agree that, if they should file or institute, either directly or indirectly, a proceeding of any kind concerning the matter of the attorneys' fees owed by HOWARD to Arcadier that has been settled by this Agreement, this Agreement will constitute a complete defense to such action, and HOWARD and Behren Law Firm will indemnify and hold DEFENDANTS and FordHarrison harmless for any damages, losses, or costs incurred as a result thereof, including reasonable attorneys' fees incurred by DEFENDANTS or FordHarrison in responding to, or defending any such action.

HOWARD and Behren Law Firm further agree that should Arcadier file any complaint, lawsuit, appeal, petition, arbitral proceeding, or the like, in any forum (federal, state, local, or otherwise) against DEFENDANTS or FordHarrison in connection with the attorneys' fees owed by HOWARD to Arcadier, HOWARD and Behren Law Firm agree that this Agreement will constitute a complete defense to such action for DEFENDANTS and FordHarrison, and that HOWARD and Behren Law Firm will indemnify, defend and hold DEFENDANTS and FordHarrison harmless for any damages, losses, or costs incurred as a result thereof, including reasonable attorneys' fees incurred by DEFENDANTS or FordHarrison in responding to, or defending any such action that may be instituted by Arcadier.

**HOWARD AND BEHREN LAW FIRM HAVE READ THE FOREGOING AND FULLY UNDERSTAND AND KNOWINGLY AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

LAFAYETTE HOWARD

DATE 8/23/23

SCOTT M. BEHREN, P.A. d/b/a BEHREN LAW FIRM

By: _____

8/23/23

Page - 8 - of 9   HOWARD's Initials _____ Date 8/23/23

DATE

CHILDREN'S NETWORK OF SOUTHWEST FLORIDA, LLC

By: _____

_____
DATE

_____
NADEREH SALIM

_____
DATE

WSACTIVELLP:14059936.1