UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.  2:23-cv-62-SPC-KCD

LAFAYETTE HOWARD

    Plaintiff,

vs.

CHILDREN's NETWORK
OF SOUTHWEST FLORIDA, LLC
and NADEREH SALIM

    Defendant
_____/

### PLAINTIFF's RENEWED REQUEST FOR *LYNN'S FOOD* HEARING AND DETERMINATION OF VALIDITY OF CHARGING LIEN

Plaintiff, by and through his undersigned counsel hereby moves this Court for a fairness hearing under *Lynn's Food* and for determination of validity of charging lien and states as follows:

1. In accordance with this Court's Order on Motion to Compel Settlement the parties in this case were able to reach a compromise as to the language of the settlement agreement and the agreement has been signed by counsel and the Plaintiff. *See*, attached Exhibit A.

2. The Plaintiff seeks to have a *Lynn's Food* fairness hearing to approve the fees of Plaintiff's counsel as well as to determine whether prior counsel, Maurice Arcadier ("Arcadier), is entitled to any award of attorneys' fees in this matter.

3. The undersigned does not believe that prior counsel Arcadier has a valid charging lien in this matter, at all, given that no meaningful work was done in this matter by that law firm and that it never filed a Notice of Charging Lien in this matter even though it was aware of the pendency of this case.

4. In order for a trial court to impose a charging lien an attorney must show (1) an express or implied contract between attorney and client (2) an express or implied understanding for payment of attorneys' fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees and (4) timely notice. *Daniel Mones, P.A. v. Smith*, 486 So.2d 559, 561 (Fla. 1986). Timely notice is the only requirement for perfecting a charging lien. *Id.* at 1385. In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action. *Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A. v. Chernak*, 991 So.2d 875, 878 (Fla. 4th DCA 2008). "It is not enough to support the imposition of a charging lien that an attorney has provided his services, the services must, in addition, produce a positive judgment or settlement for the client since the lien will only attach to the tangible fruits of the service." *Id.; See also, William Bradley Bell v. Ace Insurance Company of the Midwest,* Case No: 20-cv-309-FTM-66NPM (M.D. Fla. December 11, 2020).

5. In this case there was no timely notice, no charging lien filed in this case and no positive outcome produced by the claimed work of Arcadier. Thus, Plaintiff seeks an Order approving the settlement reached between the parties and declaring the claimed charging lien of Arcadier as invalid.

6. The undersigned has conferred with counsel Maurice Arcadier, who opposes the relief sought herein. The undersigned counsel has conferred with counsel for the Defendants who advised, "we do not know if Howard's former counsel has an enforceable Lien and we think you should contact Howard's former counsel to work it out."

WHEREFORE, Plaintiff seeks a *Lynn' Foods* hearing to determine the reasonableness of the attorneys fees of the undersigned counsel and Aracadier and whether Arcadier has a valid charging lien and for any other relief this Court deems just and proper under the circumstances.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 13 day of September 2023: Todd S. Aidman, Esq., FordHarrison LLP, 401 E Jackson Street, Suite 2500, Tampa, FL 33602 and Maurice Arcadier, Esq., Arcadier, Biggie & Wood, PLLC, 2815 W New Haven Ave Ste 304, Melbourne, FL 32904-3655.

Behren Law Firm
1930 N. Commerce Parkway
Suite 4
Weston, Florida 33326
Telephone (954) 636-3802
Facsimile (772) 252-3365
scott@behrenlaw.com
www.behrenlaw.com

By:_/Scott M. Behren/_____
    Scott M. Behren
    Florida Bar No. 987786