UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAFAYETTE HOWARD,

    Plaintiff,

v.                                                              Case No.:  2:23-cv-62-KCD

CHILDREN'S NETWORK OF
SOUTHWEST FLORIDA, L.L.C.
and NADEREH SALIM,

    Defendants.
_____/

## ORDER

This lawsuit brought under the Fair Labor Standard Act has settled. The parties now move the Court to approve their settlement agreement. (Doc. 53.) Plaintiff also asks the Court to resolve an outstanding charging lien filed by his former counsel. (*Id.*)

### I. Background

Plaintiff Lafayette Howard sues his former employer and its owners (collectively "Defendants"). In addition to claims for sex discrimination and retaliation, Plaintiff alleges that Defendants failed to pay him overtime and minimum wage as required by the FLSA. (Doc. 22.) The complaint seeks compensatory damages, unpaid wages, liquidated damages, and attorneys'

fees. (*Id.*) This case was originally filed in state court, but Defendants removed it here based on federal question jurisdiction. (Doc. 1.)

Defendants deny they discriminated against Plaintiff or violated the FLSA. Their answer also raises several affirmative defenses that would otherwise limit (or preclude) Plaintiff's claims. (Doc. 8 at 1, 5.)

As mentioned, the parties now move the Court to approve their settlement. They explain that several issues were disputed, litigating the case would be expensive and time consuming, and a bona fide dispute existed that led both sides to conciliation. Thus, according to the parties, the settlement is a reasonable and fair compromise. As for specifics, Defendants will pay Plaintiff $5,000 in damages and $7,000 for fees and costs. (Doc. 56.)

## II. Legal Framework

The FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endanger[ ] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).[1] If an FLSA violation is shown, the employer must generally pay the damaged employee unpaid wages, an equal amount as liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 216(b).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Following the Eleventh Circuit's decision in *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), courts in this district have taken the view that "suits to recover back wages under the FLSA may be settled only with the approval of the district court." *Flood v. First Fam. Ins., Inc.*, 514 F. Supp. 3d 1384, 1386 (M.D. Fla. 2021). The facts in *Lynn's Food* were unique, and it's not clear that the holding was meant to sweep so broadly. *See, e.g.*, *Slaughter v. Sykes Enterprises, Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *3 (D. Colo. Feb. 11, 2019). But regardless of how *Lynn's Food* should be viewed, neither party is questioning its applicability here. Accordingly, the Court will go forward under the assumption that it must approve the settlement.

Under *Lynn's Food* and its progeny, the parties to an FLSA settlement must present their agreement for a fairness evaluation. If the agreement reflects a fair and reasonable compromise of their dispute, the court may approve it. *See, e.g.*, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013). There is no standard test or benchmark to measure a settlement's fairness. Courts instead look to a variety of factors, including (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v.*

3

*SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Courts weigh these factors against a background presumption that the parties reached a fair agreement. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

### III. Discussion

Based on the parties' representations and a review of the docket, the Court finds that the agreement is a fair and reasonable compromise of a disputed claim. Plaintiff was represented by experienced counsel who had sufficient time and information to evaluate the potential risks and benefits of settlement. While denying liability, and raising the specter of several defenses, Defendants have agreed to pay a significant sum to settle the claims.

There is no stated or apparent collusion. Without a settlement, the parties would need to continue discovery, possibly engage in dispositive motion practice, and proceed to trial, and Plaintiff would risk receiving nothing. The parties and their counsel believe this is a reasonable settlement.

Regarding attorney's fees and costs, given the parties' representation that they agreed on these sums separately from the damages, the Court need not undertake a lodestar review. Moreover, the fees and costs appear reasonable considering the docket and alleged time expended in the case. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The agreement contains a general release, which can prove problematic in this context. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). But those concerns are not present here because the release is supported by separate consideration—specifically, dismissal of Plaintiff's non-FLSA claims. *See Middleton v. Sonic Brands L.L.C.*, No. 6:13-CV-386-ORL-18, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013).

The same goes for Plaintiff's promise not to seek future employment with Defendants and the confidentiality provision. While courts have found similar terms unfair, any such concerns are inconsequential here considering Defendants' size and thus the limited impact of the waiver. These terms were negotiated at arm's-length and with the advice of counsel. On those facts, the Court declines to interject itself and disrupt the parties' bargain. The overall settlement is fair and reasonable. *See Robertson v. Ther-Rx Corp.*, No. 2:09CV1010-MHT, 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011).

Finally, Plaintiff seeks to resolve a charging lien filed by her former law firm. (*See* Doc. 53, Doc. 58.) The Court declines to do so.

The Court had jurisdiction over the underlying dispute through a federal question. (Doc. 1.) But since Plaintiff's federal claims have settled, there must be an independent jurisdictional basis to adjudicate the charging lien. Diversity jurisdiction is not an option, as the amount in controversy is less than $75,000. Thus, to resolve the parties' contractual fee dispute, the Court must

use its supplemental jurisdiction under 28 U.S.C. § 1367. *Moreno Farms, Inc. v. Tomato Thyme Corp.*, 490 F. App'x 187, 188 (11th Cir. 2012); *Miller v. City of Fort Myers*, 424 F. Supp. 3d 1136, 1152 (M.D. Fla. 2020) (raising supplemental jurisdiction sua sponte).

After review, the Court employs its discretion and declines to exercise supplemental jurisdiction over Plaintiff's fee dispute. 28 U.S.C. § 1367(c)(3) (empowering a district court to decline supplemental jurisdiction after "dismiss[ing] all claims over which it has original jurisdiction"). If the Court must consider the so-called *Gibbs*[2] factors, they do not weigh in favor of keeping the charging lien dispute. *See Sutherland v. Glob. Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019) (holding that a district court need not even consider those factors when discharging under § 1367(c)(3)).

First, judicial economy weighs against exercising supplemental jurisdiction. Judicial economy is "served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). Plaintiff argues the charging lien's validity hinges on whether adequate legal services were provided by former counsel. Resolving this dispute would require the Court to analyze exclusive questions of Florida law. *See Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 536 (11th Cir.

---

[2] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

6

2015) (reversing the district court's retention of a state claim which was "laden with important policy choices").

Second, fairness considerations do not favor jurisdiction. Each "litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims." *Id.* And Plaintiff's former counsel will not be deprived of a remedy because it can litigate its claim for breach of contract in state court.

And finally, comity cuts against exercising supplemental jurisdiction. "It is a bedrock principle that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Id.* at 539 (quoting *Gibbs*, 383 U.S. at 726). The Court will not usurp the Florida courts' opportunity to decide questions governing Florida lawyers in a contractual fee dispute governed by Florida law.

At bottom, the issue of whether Plaintiff's former counsel is entitled to attorney's fees is an issue of Florida law best decided in a Florida court. The exercise of supplemental jurisdiction over such a claim is not warranted, and in the absence of federal jurisdiction, the charging lien will be remanded. *See Pharm. Value Mgmt. Sols., Inc. v. Hartman*, No. 8:17-cv-132-EAK-CPT, 2019 WL 5653774, at *4 (M.D. Fla. Oct. 31, 2019) (declining supplemental jurisdiction over charging lien because "parties' rights and obligations with

7

respect to their current fee dispute can be adequately protected and determined in a separate state court proceeding").

Accordingly, it is now **ODERED**:

1. Plaintiff's Motion for Lynn's Food Hearing and Determination of Validity of Charging Lien (Doc. 53) is **GRANTED IN PART AND DENIED IN PART**;

2. The Court approves the parties proposed settlement agreement, as discussed;

3. Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE** consistent with the settlement agreement;

4. The outstanding charging lien is **REMANDED** for consideration to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

5. The Clerk is directed to transmit a certified copy of this Order to the clerk of court for the Twentieth Judicial Circuit in and for Lee County, Florida. Following remand, the Clerk is directed to deny any pending motions, terminate all deadlines, and close the case.

**ENTERED** in Fort Myers, Florida on September 25, 2023.

*/s/ Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

9